E-FILED
Friday, 18 March, 2005 01:55:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

**FILED**
MAR 1 8 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-10045 |
| JARVIS D. WILLIAMS, ) | |
| Defendant. ) | |

## COOPERATION PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, and the defendant, **Jarvis D. Williams**, personally and by the defendant's attorney, **Ronald L. Hamm**, hereby enter into this plea agreement.

1.      This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2.      This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States

1

Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

## CHARGE(S), ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to the charge in the Indictment. The defendant is charged with **knowingly possessing fifty (50) or more grams of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, with intent to distribute**, in violation of **Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)**.

5. The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty. To sustain the charge of **knowingly possessing fifty (50) or more grams of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, with intent to distribute**, the United States must prove the following propositions beyond a reasonable doubt:

    a. **The defendant knowingly possessed cocaine base (crack);**

   b. **The defendant did so with the intent to distribute; and**

   c. **The defendant knew the substance was a controlled substance.**

6. The defendant understands and agrees that the offense to which he shall plead guilty carries the following potential penalties:

- **10 years to life in prison;**
- **up to a $4,000,000.00 fine;**
- **5 years to life supervised release; and**
- **a $100 mandatory special assessment.**

7. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

8. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

### STATUTORY AND GUIDELINE WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

9. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the

district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

10.     The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the

decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone, notwithstanding any advice the defendant may or may not have received from the defendant's attorney, regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

### Sentencing Waiver

11.   The defendant understands that he may have a right to require the United States to prove to a jury beyond a reasonable doubt certain sentencing factors, adjustments and departures under the United States Sentencing Guidelines. The defendant expressly waives any right he may have to a jury determination of any sentencing factors, adjustments and departures, upward or downward, under the Sentencing Guidelines. The defendant hereby consents to the District Court determining each and every sentencing factor, adjustment and departure, upward or downward, by a preponderance of the evidence under the Sentencing Guidelines at his sentencing hearing.

The defendant also hereby waives any right he may have to require the government to present any sentencing factors, adjustments and departures, upward or downward, to the grand jury for inclusion in the charge.

## DEPARTURES

12.  The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if, for example, the defendant is a career offender or if the instant offense was a part of a pattern of criminal conduct from which the defendant derived a substantial portion of the defendant's income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the United States and the defendant reserve the right to argue at sentencing for, or oppose, an upward or downward departure for over-representation or under-representation of criminal history pursuant to United States Sentencing Guideline Section 4A1.3.

13.  The defendant and the defendant's attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5H.1 through Section 5H1.12, Section 5K.2.0 through Section 5K2.21, and other grounds for downward departure from the applicable Sentencing Guideline range. The defendant acknowledges that he has fully discussed any potential basis for downward departure with the defendant's attorney. The defendant agrees that no other departures will be raised by the defendant at sentencing other than the specific departures mentioned in this agreement, except the defendant may raise any departure based upon facts that occur after the date the plea agreement is signed by the defendant.

## DEFENDANT'S OBLIGATIONS

14.  As a condition of this entire plea agreement, the defendant will cooperate

fully with law enforcement officials, as agreed in the letter dated July 19, 2004.

15. The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5K.1.1. They further acknowledge, consistent with Application Note 3 to that Section, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 5K1.1, the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1.

16. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

**THE UNITED STATES ATTORNEY'S OBLIGATIONS**

17. At the time of sentencing the United States agrees to recommend a sentence at the low end of the Sentencing Guideline range.

18. The United States Attorney for the Central District of Illinois agrees to

bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offense charged in this indictment, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

## DEFENDANT'S ASSISTANCE TO LAW ENFORCEMENT

19. The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

20. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## AGREEMENTS AS TO SENTENCING GUIDELINES

21. The defendant agrees and understands that the Court is required to consider any applicable Sentencing Guidelines in determining the defendant's sentence and that the Court may, in some circumstances, depart upward or downward from the Sentencing Guideline range.

22. Based on the information currently available, the defendant and the

8

United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

  a. The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

  b. The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

23. The defendant and the United States agree that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable sentencing guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable guideline range and to

9

impose whatever sentence it deems appropriate.

24.   The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, subject to the limitations of the United States Sentencing Guidelines.  The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## FACTUAL BASIS

25.   The defendant will plead guilty because the defendant is in fact guilty of the charge contained in the Indictment.  In pleading guilty to that charge, the defendant stipulates to and admits to the following facts:

On June 28, 2004, Peoria, Illinois Police Officer Timothy Moore received information from a reliable confidential informant, who has give Officer Moore reliable information in the past.  Specifically, on June 28, 2004, the informant advised Officer Moore that the informant had been present at 2211 West Arrowhead Lane, Peoria, Illinois, on at least three (3) occasions in the past sixty days, the most recent having been within the past seventy-two (72) hours.  On each occasion, the informant observed a quantity of an off-white rock-like substance that appeared to be similar to cocaine.  The informant's drug knowledge is based on the informant selling cocaine in the past.  The informant informed Officer Moore that the off-white rock-like substance was represented to the informant as cocaine, by a black male, present on the premises,

with the substance on or about his person. The informant identified the black male to Officer Moore as Jarvis D. Williams. Based on the information furnished by the reliable informant, Officer Moore and additional law enforcement officers initiated a surveillance of 2211 West Arrowhead Lane, Peoria, Illinois. Surveillance units observed a red colored Oldsmobile Cutlass convertible parked in the driveway of 2211 West Arrowhead Lane, Peoria, Illinois. Officer Moore observed Jarvis D. Williams in the front yard of 2211 West Arrowhead Lane, Peoria, Illinois. On June 28, 2004, at approximately 1:45PM, Officer Moore signed and swore to a complaint for a search warrant before Judge McCoy, of the Circuit Court of the Tenth Judicial Circuit of Illinois, commanding Officer to search 2211 West Arrowhead Lane, Peoria, Illinois, and the person of Jarvis Williams. At approximately 1:48PM, Peoria Police Department Sergeant (Sgt.) Jeff Adams and Officer John Couve stopped Jarvis Williams and took him into custody near Sterling and Forrest Hill, in Peoria, Illinois. A small amount of marijuana was seized from Williams' vehicle by Officer Couve. At approximately 2:30PM, law enforcement officers with the Peoria Police Department executed a search warrant at 2211 West Arrowhead Lane, Peoria, Illinois. Jarvis Williams had been conveyed to 2211 West Arrowhead Lane and advised of the search warrant by law enforcement personnel. At approximately 2:45PM, Jarvis Williams was advised of his Constitutional rights per the *Miranda* decision by Officer Moore. Jarvis Williams waived his rights and informed Officer Moore that anything illegal found in the house was on him (Williams), not Williams' girlfriend, Latrika Cagle, who resided at 2211 West Arrowhead Lane. Williams denied any and all knowledge of cocaine and currency found in the residence. In all, approximately 15 ounces (433 grams) of "crack" cocaine base, two digital scales, several items indicating proof of residence in Williams' name, numerous plastic baggies

11

commonly used to package cocaine for sale and $9,800.00 in United States Currency was seized from 2211 West Arrowhead Lane, Peoria, Illinois.

## EFFECT OF VIOLATION OF AGREEMENT

26. The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

27. Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

28. The defendant understands that by pleading guilty the defendant surrenders the following rights among others:

  a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

  b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

  c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

  d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

  e. The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could

decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

29. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

30. I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 3-18-05          s/ Ronald L. Hamm
                       **RONALD L. HAMM**
                       Attorney for **JARVIS D. WILLIAMS**

**Defendant:**

31. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no

agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 3-18-05

*(signature)*
JARVIS D. WILLIAMS
Defendant

**United States:**

32. On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: 3/18/05

JAN PAUL MILLER
UNITED STATES ATTORNEY

S/Bradley Murphy
**Bradley W. Murphy**
Assistant United States Attorney
Office of the United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050