E-FILED
Monday, 12 May, 2008  02:12:46 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

United States Of America,  )
        Plaintiff,  )
)
-v-  )
)
)   Case No: 1:04-CR-10045-001
Jarvis Williams,  )
        Defendant.  )

FILED
MAY 1 2 2008
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION FOR REDUCTION OF SENTENCE
## IN ACCORDANCE WITH TITLE 18 U.S.C. § 3582(c)(2)

TO THE HONORABLE COURT:

    Comes Now, **Jarvis Williams**, (hereinafter the Movant), who appears Pro-Se and indigent in the above numbered case, and respectfully moves this Honorable Court for an order granting this Movant a 2 level reduction in his sentencing guideline calculated offense level, accordingly with the U.S. Sentencing Commission modification of the guidelines drug quantity threshold for "Crack" cocaine offense, as amendment 706, which came into effect on November 1, 2007.

    On December 11, 2007, the U.S. Sentencing Commission has expressly designated amendment 706 as one that shall apply retroactively. USSG § 1B1.10(c), 2007.

## JURISDICTION OF THE COURT

Jurisdiction of the Court is invoked pursuant to Title 18 U.S.C. § 3582(c)(2) and as of this date.

## BACKGROUND OF THE CASE

As result of a federal investigation, a grand jury sitting in the Central District of Illinois returned against the Movant an One Count Indictment charging: the Movant with Possession with intent to distribute 50 grams or more of cocaine base, "Crack", in violation of Title 21 U.S.C. § 841(b)(1)(A).

On July 13, 2004, Movant was arrested by federal agents and brought before this Court for an initial appearance to respond for the charges filed against him.

On March 18, 2005, Movant appeared before this Court and pleaded guilty to Count One of the Indictment pursuant to a plea agreement with the government.

On July 1, 2005, Movant was sentenced to a term of imprisonment of one hundred and twenty (120) months followed with a term of five (5) years of supervised release.

The 2004 edition of the United States Sentencing Guidelines Manual was used to calculated the Movant's sentencing guideline range.

The Pre-Sentence Report provided that the Movant was accountable for 429 grams of cocaine base, "Crack", under the provisions of 2004 edition of the United States Sentencing Guidelines § 2D1.1 provided that for an

offense involving at least 150 grams but less than 500 grams of cocaine base has a base offense level of 34, as such, the Pre-Sentence Report listed Movant's base offense level as 34. Movant was assigned a criminal history category of III.

At Sentencing, the Court adopted the Pre-Sentence Report findings, Movant's offense level was reduced three level for acceptance of responsibility for a total offense of level of 31, category III.

Movant accepted responsibility for his involvement in the offense and expressed repentance for the same.

## STATEMENT OF LAW

The district Court makes two determination in deciding whether or not to modify a sentence under Section 3582(c)(2).

Under the first step, the sentencing court considers what would have been the sentence imposed had the retroactive amendment been in effect at the time that Movant was sentenced. USSG § 1B1.10(b), p.s.

Then the district Court determines what sentence it would have imposed had the new sentencing, leaving untouched al other factors, United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997). Such factors include , inter alia; role in the offense; obstruction of justice; victim adjustment; more than minimal planning; and acceptance of responsibility. Id.

Having established the applicable amendment guideline range, the Court must next consider the factors contained in, 18 U.S.C. : 3582(a) and in the exercise of informed discretion, decide whether or not to

modify the original sentence previously imposed. <u>Wyatt</u> at 115 F.3d at 609, <u>see</u>, <u>also</u>, 18 U.S.C. § 3582(c)(2).

The United States Sentencing Commission promulgated § 1B1.10 (Reduction in Term o Imprisonment as a Result of Amendment Guideline Range). Policy Statement, Subsection (a) of § 1B1.10 specifies when an 18 U.S.C. § 3582(c)(2) reduction is availble: **Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines Manual listed in subsection (c) below, a reduction in the defendants term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendment listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.**

Application Note 1 further states: Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.

The background commentary further provides that authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

In addition to specifying which guideline amendments may be retroactively applied, consistent with 28 U.S.C. § 994(u), § 1B1.10 is instructive as to the amount by which movant's sentence may be reduced under 18 U.S.C. § 3582(c)(2). Subsection (b) of § 1B1.10 states: In determining whether, and to what extent, a reduction in the term of

4.

**imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced...**

The commentary further directs how courts should proceed on 18 U.S.C. § 3582(c)(2) motions. Application Note 2 states: in determining the amended guidelines range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remains unaffected. Application Note 3 further provides that, [w]hen the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate. See, USSG § 1B1.10, comment (n.3).

Given the current jurisprudence afforded the district courts by recent decisions of the Supreme Court, the Movant respectfully requests this Court for a full consideration of 3553(a), and for this Motion in accordance with Title 18 U.S.C. § 3582(c)(2), and for a 2 level reduction in his initial base offense, calculated under provisions of Guideline § 2d1.1, of 2004 edition of the United States Sentencing Guidelines Manual, accordingly with the United States Sentencing Commission modification of the guideline drug threshold for "Crack", cocaine base, offense as amendment 706, into effect on November 1, 2007, and made retroactive on December 11, 2007, which the Sentencing Commission has expressly designated that shall apply retroactive on/or after March 3, 2008.

## CONCLUSION

**Wherefore,** it is respectfully requested that this Honorable Court grant this Motion in accordance with Title 18 U.S.C. § 3582(c)(2) for a 2 level reduction in Movant's sentenced offense level, and at the same time, to reduce Movant's term of imprisonment by the months deemed appropriate, as well as, to provide all reliefs for which Movant is entitled under this Motion.

Executed this 7th day of May, 2008.

RESPECTFULLY SUBMITTED,

BY: *Jarvis Williams*
Jarvis Williams
Pro-Se, Prisoner.

## WAIVER OF APPEARANCE IN COURT

I, **Jarvis Williams**, have reviewed my Motion in accordance with Title 18 U.S.C. § 3582(c)(2) and agree to waive my right to personally appears in Court in the Central District Of Illinois and agree that the Court may proceed by its way of a Court's Order without my presence. If the Court wants to have a video and/or phone conference proceeding, I would have no objection.

Dated 7th day of May, 2008.

BY: *Jarvis Williams*
Jarvis Williams
Pro-Se, Prisoner.

**CERTIFICATE OF SERVICE**

This is to certify that I have this date under the pains and penalty of perjury Title 28 U.S.C. § 1746 served a true and correct copy of the foregoing Motion upon counsel of record as follows: Bradley W. Murphy, A.U.S.A., 211 Fulton Street, Suite 400, Peoria, Illinois 61602, by placing the same in the United States mail, first class postage and properly affixed thereto.

This 7th day of May, 2008.

BY: *Jarvis Williams*
Jarvis Williams
Pro-Se, Prisoner.